IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH L. GOODWIN,  )  <br> *Plaintiff*,   )  <br>   ) <br> vs.   ) <br>   ) <br> JOANNE B. BARNHART,   ) <br> COMMISSIONER OF SOCIAL SECURITY,   ) <br> *Defendant.*   ) | Civil Action No. 2:01-CV-00880-DRB <br> [wo] |

### ORDER ON MOTION

After consideration of the *Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b)* filed on July 31, 2006 (Doc. 32) as well as *Defendant's Response* (Doc. 34, filed Aug. 15, 2006),[1] the court concludes that the motion should be granted.

### I. BACKGROUND

Plaintiff, Kenneth L. Goodwin ("Goodwin") retained John F. Cameron, Esq. ("Atty. Cameron") for legal representation on his complaint filed July 16, 2001, for judicial review of an administratively denied claim for disability benefits. They contracted for a fee equal to " twenty-five 25% of any past due benefits" paid to Goodwin in the event of a successful prosecution of his claim.[2] This court entered an Order on April 10, 2002, remanding this case to the Commissioner of Social

---

[1] "[N]ot[ing] that Plaintiff filed this petition over three years after the March 2003 agency decision in which Plaintiff was found disabled.", the Commissioner responds that "the Eleventh Circuit has recently held that attorney fee petitions under 42 U.S.C. §406(b) are subject to the time limits in Rule 54 of the Federal Rules of Civil Procedure." *Def.'s Response* at 2, *citing Bergen v. Barnhart*, No. 05-14683, 2006 U.S. App. LEXIS 16849 (11th Cir. July 6, 2006).

Rule 54(d)(2) of the Federal Rules of Civil Procedure provides that a motion for attorney fees must be filed no later than 14 days after entry of judgment. Even if the court deemed untimely the fee petition filed over three years after entry of the court's April 10, 2002 remand order, equity dictates its consideration given the Commissioner's stated lack of opposition to the requested fees. *See Bergen*, 2006 U.S. App. LEXIS at *11 (declining to decide timeliness due to Commissioner's lack of objection).

[2] *See Ex. A*.

Security for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  On remand, Goodwin successfully obtained an award of monthly disability benefits, including $70,611.00 in past-due benefits.  The Commissioner also approved attorney fees.[3]

Pursuant to a July 6, 2002 request for attorney fees under the Equal Access to Justice Act ("EAJA"), this court ordered the Commissioner to pay the amount of $2,897.18.[4]  Atty. Cameron has also been awarded a fee of $10,000.00 for services rendered at the administrative levels.[5] Acknowledging receipt of the awarded EAJA fees, the Petitioner correctly notes that "[w]hen there is an award of attorney fees under both 42 U.S.C. §406(b) and the EAJA, a plaintiff's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"[6]  The fees now requested total $7,652.75 for 20.30 hours of legal representation in this court between May 25, 2001 and July 5, 2002.[7]  The Commissioner "has no objection to the amount of fees requested pursuant to §406(b)" but requests that "should the Court find that Plaintiff's petition is reasonable, the Equal Access to Justice Act fees previously paid should be ordered refunded to the client as specified in Plaintiff's motion."[8]

## II.  DISCUSSION

Added to the $10,000.00 awarded for administrative representation, the $7,652.75 requested for representation before this court would give Atty. Cameron a total fee which is equivalent to 25% of Goodwin's award for past-due benefits.  The statute which governs Atty. Cameron's request – 42

---

[3]*See Exs. B, C* and *E*.

[4]*See Order* on July 19, 2002 (Doc. 31).

[5]*Mot.* at 4; *see also Ex. E.*.

[6]*Mot.* at 5-6, 16.

[7]*Mot.* at 13.  The requested fees are itemized in Ex. B.

[8]*Def.'s Response* at  2.

U.S.C. §406(b)– authorizes a reasonable fee "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled ....and such fees are payable out of, and not in addition to, the amount of [the] past due benefits."[9]

Contingent fee agreements are common in federal actions under the Social Security Act, and Section 406(b) limits, but does not displace, such agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Instead, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." So long as the contingent fee does not exceed 25% of the past-due benefits, "the attorney for the successful claimant must [simply] show that the fee sought is reasonable for the services rendered." *Id.* at 807. Fees awarded pursuant to Section 406(a) and Section 406(b) are awarded in addition to any attorney fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified."*Id.* at 796. In order to avoid a double recovery of attorney fees, a claimant's counsel who is awarded attorney fees under §406(b) and the EAJA must refund the lesser amount to his client. *Coppett v. Barnhart*, 242 F.Supp. 2d 1380, 1383 (S.D.Ga. 2002) (citation omitted).

The court finds reasonable the 20.30 hours itemized as well as the requested fee of $7,652.75 for preparing the complaint, client communications, review of pleadings and pertinent documents, preparation of a brief and the EAJA application. There is no evidence that Atty. Cameron, who advocates frequently in this court for social security claimants, acted in bad faith or in a dilatory manner with proceedings in this case. His competent representation resulted in a fully favorable decision which awarded substantial monthly and retroactive benefits to Goodwin.

The contingency fee contract served to benefit Goodwin by transferring the risk of loss to

---

[9]Section 404(a) of Title 42 provides for "fees for representation before Commissioner" while Section 404(b) addresses "fees for representation before court."

his counsel while providing him an opportunity to challenge the administrative denial of his claims. By his pledge to offset attorney fees awarded under the EAJA, Atty. Cameron acknowledges his duty to prevent any double recovery of fees from the government and from his client. In sum, the court finds the requested fees reasonable and consistent with the claimant's expectation under his contingency fee agreement.

### III.  CONCLUSION

Consistent with these findings, it is the **ORDER, JUDGMENT, and DECREE** of this court that:

1. *Plaintiff's Attorney's Motion for An Award of Attorney Fees Under 42 U.S.C. §406(b)* (Doc. 32, July 31, 2006) is **GRANTED**;

2. John F. Cameron, Esq is awarded attorney's fees pursuant to 42 U.S.C. §406(b) in the total amount of $7,652.75; and

3. John F. Cameron, Esq. is DIRECTED to refund forthwith to the Plaintiff, Kenneth L. Goodwin, the $2,897.18 previously paid to counsel as an award of fees under the Equal Access to Justice Act.

Done this 11th day of September, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

4